Filed 8/15/23  Stevens v. Elhaj CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RONALD L. STEVENS, Plaintiff and Appellant, v. ANGELA ELHAJ et al., Defendants and Respondents. | G061146 (Super. Ct. No. 30-2020-01131439) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Martha K. Gooding, Judge.  Reversed.  Motion for summary reversal.  DENIED.

Thomas Vogele & Associates, Thomas A. Vogele, Timothy M. Kowal and Brendan M. Loper, for Plaintiff and Appellant.

Law Offices of David H. Hochner and David H. Hochner; Law Offices of Joseph J. London and Joseph J. London; Rutan & Tucker and Gerard M. Mooney, for Defendants and Respondents Angela Elhaj, Mariam Elhaj and Top Hop, Inc.

No appearance for Defendants and Respondents Grace Lindsey, Patricia R. Durand, Carmen M. Baird and Car-Mar, LLC.

\*        \*        \*

Following the sustaining of demurrers, the trial court entered judgment for all defendants. Thereafter, the court granted a contract based motion for attorney fees filed by defendants Angela Elhaj, Mariam Elhaj and Top Hop, Inc. (collectively, the Elhaj defendants). Plaintiff Ronald J. Stevens appeals from the order awarding $220,807 in attorney fees (the attorney fees order), challenging the reasonableness of the amount.

After Stevens and the Elhaj defendants filed their initial briefs in this appeal, we reversed the underlying judgment in a separate appeal (*Stevens v. Elhaj* (Feb. 1, 2023, G060162) [nonpub. opn.]). Once remittitur issued in that appeal, Stevens and the Elhaj defendants filed a stipulation in this matter, requesting summary reversal of the attorney fees order.

The attorney fees order was based, in part, on a stipulation between Stevens and the Elhaj defendants that the latter were contractually entitled to fees as prevailing parties in the underlying matter. Our reversal of the underlying judgment removed the Elhaj defendants' prevailing party status and, thus, their entitlement to any award of attorney fees. (See *Shirvanyan v. Los Angeles Community College Dist.* (2020) 59 Cal.App.5th 82, 107.) Accordingly, the order awarding them attorney fees must be reversed.[1] (See *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 [award of attorney fees to party prevailing will not stand after reversal of judgment]; *Southern Pacific Transportation Company v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691, 696

---

[1]      Because the matter was already fully briefed and submitted for decision, the summary reversal procedure is unnecessary and the parties' stipulation requesting summary reversal is denied. (See *Melancon v. Walt Disney Productions* (1954) 127 Cal.App.2d 213, 215 [summary reversal used prior to full briefing]; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2022) ¶ 5:82, p. 5–34 [inherent authority to grant summary reversal without briefing].)

2

[reversing award of contract based prevailing party attorney fees due to reversal of underlying judgment]; *California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220 [order awarding attorney fees "'falls with a reversal of the judgment on which it is based'"].)

## DISPOSITION

The attorney fees order is reversed. Stevens is entitled to costs on appeal.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.